```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
GARRY KIRKLAND,                   :
                                  :    09 Civ. 10235 (LAP)(KNF)
              Plaintiff,          :
                                  :    MEMORANDUM & ORDER
    v.                            :
                                  :
CABLEVISION SYSTEMS,              :
                                  :
              Defendant.          :
----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-23-13

LORETTA A. PRESKA, Chief United States District Judge:

On September 30, 2012, this Court denied in its entirety Plaintiff Garry Kirkland's ("Kirkland" or "Plaintiff") motion for summary judgment and granted in part and denied in part Defendant Cablevision Systems New York City Corporation's ("Cablevision" or "Defendant")[1] motion for summary judgment. (See Order Adopting Report & Recommendation ("Sept. 30th Order") [dkt. no. 77], at 11.) Defendant has moved for reconsideration of aspects of that Order pursuant to Federal Rule of Civil Procedure 60(b) and Local Rule 6.3 [dkt. no. 80].[2] For the reasons set forth below, Defendant's motion is GRANTED in part, and

---

[1] Defendant is identified in Plaintiff's amended complaint as "Cablevision Systems."
[2] The relevant facts and procedural history of this case are set forth in Magistrate Judge Fox's Report and Recommendation (the "Report") with respect to Plaintiff's and Defendant's cross motions for summary judgment [dkt. no. 55] and this Court's September 30th Order adopting the Report, familiarity with which is assumed.

1

Plaintiff's remaining claims brought under the laws of New York City are dismissed without prejudice.

I.   DEFENDANT'S MOTION FOR RECONSIDERATION

Motions for reconsideration are strictly evaluated and generally are "denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995).  "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992).

Rule 60(b) states in relevant part that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).  In deciding whether to grant a motion for reconsideration brought under Rule 60(b), the Court must strike "a balance between serving the ends of justice and preserving the finality of judgments." Nemaizer v. Baker, 793 F.2d 58, 61

(2d Cir. 1986).  Generally, relief is granted "only upon a showing of exceptional circumstances."  Mendell v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990), aff'd, 501 U.S. 115 (1991).  "A motion for reconsideration is an extraordinary remedy, and this Court will not reconsider issues already examined simply because Petitioner is dissatisfied with the outcome of his case.  To do otherwise would be a waste of judicial resources."  Matura v. United States, 189 F.R.D. 86, 90 (S.D.N.Y. 1999).

Under Local Rule 6.3, a motion for reconsideration may be granted if the moving party demonstrates that there were matters or decisions overlooked by the Court, see S.D.N.Y. Local R. 6.3; Shrader, 70 F.3d at 257, or when there has been "an intervening change in controlling law," Henderson v. Metro. Bank & Trust Co., 502 F. Supp. 2d. 372, 376 (S.D.N.Y.).  In fact, "[b]ecause the law is constantly evolving, a new decision clarifying the applicable substantive law may justify reexamining a denial of summary judgment."  Caribbean Wholesales & Serv. v. U.S. JVC Corp., 101 F. Supp. 2d 236, 240 (S.D.N.Y. 2000) (internal quotation marks omitted).

In its motion, Defendant proffers that the Court overlooked Defendant's arguments that Plaintiff's retaliatory discharge claims must fail because Plaintiff

3

cannot establish pretext.[3]  Upon review, the Court has determined that Defendant's motion on this ground is meritorious.[4]

Admittedly, Defendant first raised this particular argument in its objections to Magistrate Judge Fox's Report.  (See Def.'s Memo. of Law in Supp. of Its Objections [dkt. no. 56], at 9-11.)  In response, this

---

[3] As the Court set forth in its September 30th Order, in order to survive summary judgment on a retaliation claim brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII") and Section 296(1) of the New York Executive Law (the "New York State Human Rights Law" or "NYSHRL"), Plaintiff must offer sufficient evidence to permit a reasonable jury to find that (1) he engaged in a protected activity known to Defendant; (2) Defendant took an adverse employment action against him; and (3) that "a causal connection exists between the protected activity and the adverse action, i.e., that a retaliatory motive played a part in the adverse employment action."  Kessler v. Westchester Cnty Dep't of Soc. Servs., 461 F.3d 199, 205-06 (2d Cir. 2006) (citation omitted).  Retaliation claims are analyzed under the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973).  See Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 110 (2d Cir. 2010).  If Plaintiff establishes a prima facie case, Defendant may proffer a legitimate, non-retaliatory reason for the alleged adverse employment action.  If Defendant meets this burden, Plaintiff must then establish, by a preponderance of the evidence, that Defendant's stated reasons are merely pretext for retaliation.  See id. at 111.

[4] Defendant also proffers that this Court should reconsider its denial of Defendant's motion for summary judgment on all of Plaintiff's claims brought under Section 8-107 of the New York City Administrative Code (the "New York City Human Rights Law" or "NYCHRL").  As explained below, the Court declines to consider this argument, however, for jurisdictional reasons.

Court aimed to address Defendant's objection in its September 30th Order.  (See Sept. 30th Order, at 8-10.)  Specifically, the September 30th Order clarified why Plaintiff had carried his burden with respect to the causal element of his retaliation claims by explaining why the temporal proximity of Plaintiff's complaints and his termination was sufficient to sustain the causation element of Plaintiff's prima facie retaliation case.  (See id. at 9-10.)

The Court now recognizes, however, that upon determining that Plaintiff made out a prima facie case of retaliation, its September 30th Order conflated Defendant's objection on the causation element with its objection regarding pretext and, consequently, overlooked the Report's failure to shift the burden and complete the analysis under McDonnell Douglas.  Because the Court has yet to determine formally whether Defendant proffered legitimate, non-retaliatory reasons for Plaintiff's discharge and, if so, whether Plaintiff has presented any evidence demonstrating that Defendant's stated reasons are merely pretext for retaliation, the Court undertakes that endeavor now.

As noted in the Report, and as adopted by this Court through its September 30th Order,

5

> [D]efendant proffers, as its reasons for terminating Kirkland's employment, that he failed, over time, to establish a working relationship with the store managers he supervised, failed to improve his performance, after being counseled by his supervisors and the defendant's employee relations and human resources personnel, and did not follow the defendant's policies. Cablevision's dissatisfaction with Kirkland's job performance is a non-discriminatory legitimate reason for its action.

(Report at 23.) Thus, Defendant has sustained its burden of proffering legitimate, non-retaliatory reasons for Plaintiff's termination, and it falls to Kirkland to prove that the reasons offered by Cablevision for his termination are pretext.

"At the pretext stage, mere temporal proximity is insufficient, standing alone, to withstand summary judgment 'where the defendant proffers a legitimate reason for the plaintiff's discharge with evidentiary support therefor.'" Bagley v. J.P. Morgan Chase & Co., No. 10 Civ. 1492 (PGG), 2012 WL 2866266, at *11 (S.D.N.Y. July 12, 2012) (quoting Galimore v. City Univ. of N.Y. Bronx Cnty. Coll., 641 F. Supp. 2d 269, 289 (S.D.N.Y. 2009)). Here, Plaintiff attempts to overcome this limitation by stating that "Defendant replaced [him] with Kathryn Nivins[,] an individual outside of [Plaintiff's] protect[ed] class, that was not minimally qualified for the position" and by

6

stating that Nivins was promoted "over a more qualified Black candidate." (See Pl.'s Memo. of Law in Opp'n to Def.'s Notice of Mot. for Recons. [dkt. no. 86], at 6.)

By adopting the Report's conclusions with regards to Plaintiff's efforts to show pretext in the context of his discrimination claims, (see Sept. 30th Order, at 4-5), however, the Court has already found that Plaintiff "has not presented evidence that shows that: (a) his store managers and he had a good working relationship and that the store managers did not complain to Cockerill about his performance as an AOM, in 2008, after Kirkland had completed the PIP[] and (b) he always complied with [Cablevision's] policies," (Report, at 24.).  As such, the Court has already determined that Plaintiff has failed to present sufficient evidence at the pretext stage to undermine Defendant's non-discriminatory explanations for his termination.

Therefore, applied to Plaintiff's retaliation claims, it follows that Plaintiff's being replaced by Nivins (evidence tending to bear on his discrimination claims) and the mere temporal proximity of Plaintiff's complaints and subsequent discharge are insufficient to carry his burden at the pretext stage on his retaliation claim.  Because Kirkland offers no additional evidence purporting to show

that he was terminated in retaliation for engaging in a protected activity, the Court holds that Plaintiff cannot establish by a preponderance of the evidence that Defendant's stated reasons are merely pretext for retaliation.  Consequently, the Court vacates the portion of its September 30th Order denying Defendant's motion for summary judgment on Plaintiff's Title VII and NYSHRL retaliation claims and hereby grants summary judgment on those claims in favor of Defendant.

II.  PLAINTIFF'S REMAINING NYCHRL CLAIMS

A review of Plaintiff's amended complaint [dkt. no. 17] demonstrates that Plaintiff and Defendant are citizens of New York and that jurisdiction was conferred upon this Court because his Title VII claims involved a Federal question of law.  Because this Court has granted summary judgment in favor of Defendant on all of Plaintiff's claims over which it has original jurisdiction, (see Sept. 30th Order, at 11; supra Part I), and because Plaintiff's only remaining claims raise complex issues of non-Federal law,[5]

---

[5] Although the Court of Appeals recently has attempted to provide district courts with guidance on how to properly analyze NYCHRL, see Mihalik v. Credit Agricole Cheuvreux North America, Inc., 2013 WL 1776643 (2d Cir. Apr. 26, 2013), there continues to be a lack of clarity with regards to just how much more liberally claims should be evaluated under the NYCHRL as compared with their treatment under Title VII and the NYSHRL.

the Court hereby declines to continue exercising supplemental jurisdiction over Plaintiff's NYCHRL claims. See 28 U.S.C § 1367(c); see also Carnegie-Melon Univ. v. Cohill, 484 U.S. 343, 350, n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims").  As such, Plaintiff's NYCHRL claims are dismissed without prejudice.

III. CONCLUSION

Defendant's motion for reconsideration [dkt. no. 80] is GRANTED in part. The Court vacates the portion of its September 30th Order denying Defendant's motion for summary judgment on Plaintiff's Title VII and NYSHRL retaliation claims and hereby dismisses those claims. Additionally, the Court declines to continue exercising supplemental jurisdiction over Plaintiff's NYCHRL claims and said claims are dismissed without prejudice.

SO ORDERED.

Dated:   August 23, 2013
         New York, New York

*Loretta A. Preska*

LORETTA A. PRESKA
Chief U.S. District Judge