*Law Offices*
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178
(212) 309-6000
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
GARRY KIRKLAND,                                            :
                                                           :
                    Plaintiff,                             :
                                                           :  Civil Action No. 09-CV-10235
         -against-                                         :
                                                           :
CABLEVISION SYSTEMS,                                       :
                                                           :
                    Defendant.                             :
                                                           :
---------------------------------------------------------- X

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
RULE 59 MOTIONS REQUESTING A NEW TRIAL**

On the Brief:

Grace E. Speights, *admitted pro hac vice*
Terry D. Johnson, *admitted pro hac vice*
Leni D. Battaglia

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..........................................................................................................1
II. ARGUMENT .................................................................................................................1
  A. Plaintiff's Rule 59 Motions Should Be Denied. .....................................................1
  B. Plaintiff Has Not Demonstrated That The Jury's Verdict Was Against The Clear Weight Of The Evidence. ..........................................................................3
  C. The Court Properly Permitted Both Parties to Examine Witnesses during Plaintiff's Case in Chief, Allowed Plaintiff to Be the Last Party to Speak to the Jury, and Set the Trial Start Date. ................................................................6
  D. The Court Properly Instructed the Jury on Pretext. ...............................................8
  E. Alleged Jury Misconduct .......................................................................................11
  F. Any Error Committed Was Harmless. ..................................................................13
III. CONCLUSION ..............................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Berner v. British Commonwealth Pac. Airlines*,
    346 F.2d 532 (2d Cir. 1965) .................................................................................................. 6

*Buchwald v. Renco Grp., Inc.*,
    No. 13 Civ. 7948(AJN), 2014 WL 4207113 (S.D.N.Y. Aug. 25, 2014) ................................. 6

*Cocconi v. Pierre Hotel*,
    146 F. Supp. 2d 427 (2d Cir. 2006) ...................................................................................... 11

*Collins v. Alco Parking Corp.*,
    448 F.3d 652 (3rd Cir. 2006) ................................................................................................ 10

*DLC Mgmt. Corp. v. Town of Hyde Park*,
    163 F.3d 124 (2d Cir. 1998) ................................................................................................... 2

*Hart v. RCI Hospitality Holdings, Inc.*,
    90 F. Supp. 3d 250, 274 (S.D.N.Y. 2015) .............................................................................. 7

*Henderson v. Kibbe*,
    431 U.S. 145 (1977) ............................................................................................................... 9

*In re Gulf Oil/Cities Serv. Tender Offer Litig.*,
    776 F. Supp. 838 (S.D.N.Y. 1991) ......................................................................................... 7

*Iorio v. Allianz Life Ins. Co.,* No. 05 Civ. 633(JLS),
    2009 WL 3415689 (S.D. Cal. Oct. 21, 2009) ......................................................................... 7

*James v. New York Racing Ass'n*,
    233 F.3d 149 (2d Cir. 2000) ................................................................................................... 8

*Jonnel Enters., Inc. v. Dollar Savings Bank of New York*,
    624 F.2d 398 (2d Cir. 1980) ................................................................................................... 2

*LiButti v. United States*,
    178 F.3d 114 (2d Cir. 1999) ................................................................................................... 2

*Lightfoot v. Union Carbide Corp.*,
    110 F.3d 898 (2d. Cir. 1997) .................................................................................................. 6

*Lore v. City of Syracuse*,
    670 F.3d 127 (2d Cir. 2012) ................................................................................................... 9

*Mandel v. M&Q Packaging Corp.*,
    706 F.3d 157 (3d Cir. 2013) ...................................................................................................8

*Manley v. AmBase Corp.*,
    337 F.3d 237 (2d Cir. 2003) ...................................................................................................2

*Maran Coal Corp. v. Societe Generale de Surveillance S.A.*,
    No. 92 Civ. 8728(DLC), 1996 WL 11230 (S.D.N.Y. Jan. 9, 1996) ........................................7

*Metromedia Co. v. Fugazy*,
    983 F.2d 350 (2d Cir. 1992) ........................................................................................... 1, 3, 5

*Mugavero v. Arms Acres, Inc.*,
    680 F. Supp. 2d 544 (S.D.N.Y. 2010) ................................................................................3, 10

*People v. Friedgood*,
    58 N.Y.2d 467 (N.Y. 1983) ...................................................................................................12

*R.B. Matthews, Inc. v. Transam. Transp. Servs., Inc.*,
    945 F.2d 269 (9th Cir. 1991) ...................................................................................................7

*St. Mary's Honor Ctr. v. Hicks*,
    509 U.S. 502 (1993) ................................................................................................................8

*Stowe v. National R.R. Passenger Corp.*,
    793 F. Supp. 2d 549 (E.D.N.Y. 2011) ...................................................................................11

*Tennant v. Peoria & P. Union Ry.*,
    321 U.S. 29 (1944) ..................................................................................................................4

*Townsend v. Benjamin Enters., Inc.*,
    679 F.3d 41 (2d Cir. 2012) .....................................................................................................9

*Turley v. ISG Lackawanna, Inc.*,
    774 F.3d 140 (2d Cir. 2014) ...................................................................................................9

*United States v. Gray*,
    105 F.3d 956 (5th Cir. 1997) ...................................................................................................7

*United States v. Salovitz*,
    701 F.2d 17 (2d Cir. 1983) ......................................................................................................7

*United States v. Abcasis*,
    811 F. Supp. 828 (E.D.N.Y. 1992) ........................................................................................12

*United States v. Moon*,
    718 F.2d 1210 (2d Cir. 1983) ................................................................................................11

*United States v. Stewart*,
   433 F.3d 273 (2d Cir. 2006) ..............................................................................................11

*Wade v. Orange County Sheriff's Office*,
   844 F.2d 951 (2d Cir.1988) ................................................................................................4

*West v. Philadelphia Electric Co.*,
   45 F.3d 744 (3d Cir. 1995) ................................................................................................8

*Yung v. Lee*,
   432 F.3d 142 (2d Cir. 2005) ..............................................................................................2

**OTHER AUTHORITIES**

Fed. R. Evid. 103 ..........................................................................................................................8

Fed. R. Evid. 103(a)(1) ..................................................................................................................6

Fed. R. Evid. 403 ........................................................................................................................12

Fed. R. Evid. 611(a) ......................................................................................................................6

I. **INTRODUCTION**

On January 27, 2017, following a four-day trial, the jury returned a verdict in under an hour in favor of Defendant Cablevision Systems New York City Corporation ("Cablevision" or "the Company") on Plaintiff Garry Kirkland's ("Plaintiff") race and color discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").  Plaintiff has now filed three separate motions seeking a new trial pursuant to Federal Rule of Civil Procedure 59 ("Rule 59").  Rather than accepting that his discrimination and retaliation claims are factually and legally baseless, Plaintiff attempts to cast blame for the jury's verdict on the jury, defense counsel, and even the Court.  Specifically, Plaintiff's motions are based on his wholly conclusory assertions that:  (1) the jury's verdict is against the weight of evidence; (2) the Court supposedly made procedural errors in scheduling the start date for trial, and setting the order of witnesses and arguments; (3) the Court's jury instruction on pretext was allegedly incorrect; and (4) one of the jurors reportedly engaged in misconduct in open Court.

Contrary to Plaintiff's assertions, there was simply no improper conduct by the jury, and its verdict was correct and supported by the overwhelming weight of evidence.  Moreover, the Court's administration of the trial and delivery of jury instructions on pretext (to which Plaintiff never objected) were in no way unfairly prejudicial to Plaintiff or inconsistent with established principles of fundamental fairness and justice.  The Court should therefore deny Plaintiff's motions for a new trial (Docket Nos. 183, 186, 188) (collectively the "Motions").

II. **ARGUMENT**

    A. **Plaintiff's Rule 59 Motions Should Be Denied.**

Plaintiff cannot meet the high bar for moving for new a trial.  The decision to grant a new trial under Rule 59 is "committed to the sound discretion of the trial court," *Metromedia Co. v.*

-1-

*Fugazy*, 983 F.2d 350, 363 (2d Cir. 1992), *abrogated on other grounds as noted in Yung v. Lee,* 432 F.3d 142, 147 (2d Cir. 2005), and should only be granted "when the jury's verdict is egregious. Accordingly, a court should rarely disturb a jury's evaluation of a witness's credibility." *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 134 (2d Cir. 1998) (quotations omitted). Specifically, in order for the Court "to order a new trial under Rule 59(a), it must conclude that the jury has reached a seriously erroneous result or [that] the verdict is a miscarriage of justice, *i.e.*, it must view the jury's verdict as against the weight of evidence." *Manley v. AmBase Corp.*, 337 F.3d 237, 245 (2d Cir. 2003) (quotations omitted).

Further, under Federal Rule of Civil Procedure 61 ("Rule 61"), "no error in admitting or excluding evidence – or any other error by the court or a party – is grounds for granting a new trial" (Fed. R. Civ. P. 61) unless refusal to take such action "appears to the court inconsistent with substantial justice." *LiButti v. United States*, 178 F.3d 114, 118 (2d Cir. 1999); *see also Jonnel Enters., Inc. v. Dollar Savings Bank of New York*, 624 F.2d 398, 401 (2d Cir. 1980) (affirming verdict against plaintiff and denial of motion for new trial where remarks of trial judge that allegedly incorrectly stated law on issue did "not rise to a level requiring the granting of a new trial under Rule 61.").

As set forth below, nothing in Plaintiff's Motions comes remotely close to meeting this high standard. In his Motions, Plaintiff argues that he is entitled to a new trial on four grounds, each of which is baseless. First, he alleges that the jury's verdict is against the weight of evidence. Second, Plaintiff alleges that the Court violated his Due Process rights and infringed upon his right to a fair trial in its decisions concerning the scheduling of the trial and order of witnesses and arguments. Third, Plaintiff alleges that the Court caused him irreparable harm by failing to include an example of pretext in its instructions to the jury. Finally, Plaintiff asserts

that one of the jurors engaged in misconduct. None of these alleged issues, which are addressed in turn below, warrant the extreme remedy of a new trial.

### B. Plaintiff Has Not Demonstrated That The Jury's Verdict Was Against The Clear Weight Of The Evidence.

Plaintiff asserts that the jury's verdict was against the clear weight of evidence because he offered evidence that: (1) the dates on Cablevision's written request to terminate Plaintiff's employment were allegedly inaccurate; (2) two of Plaintiff's direct reports testified that they did not complain to management about Plaintiff's performance; (3) contrary to the testimony of human resources representatives, Plaintiff responded to a health scare (involving MRSA) in one of his stores in less than 48 hours; (4) Cablevision's witnesses were generally not credible because they "lie about and forget material facts"; and (5) his former manager, Robert Cockerill, allegedly had a hiring history that evidenced his discriminatory animus.

As an initial matter, Plaintiff cites very little evidence in support of his argument that the verdict is against the weight of evidence. Instead, Plaintiff merely makes general allegations, and essentially asks the Court to comb the entire record and find evidence to support his broad claims. However, the actual record contains more than ample – indeed overwhelming – evidence to support the jury's finding on Plaintiff's claims. In reality, Plaintiff's post-trial motion merely reargues contested issues of fact and credibility determinations that the jury already fully and fairly resolved against Plaintiff.

"In weighing the evidence, . . . the Court should not ordinarily ignore the jury's role in resolving factual disputes and assessing witness credibility." *Mugavero v. Arms Acres, Inc.*, 680 F. Supp. 2d 544, 558-59 (S.D.N.Y. 2010) (quotations omitted). "Where [as here,] the resolution of the issues depended on assessment of the credibility of the witnesses, it is proper for the court to refrain from setting aside the verdict and granting a new trial." *Metromedia*, 983 F.2d at 363

(citing *Tennant v. Peoria & P. Union Ry.,* 321 U.S. 29, 35, (1944) and *Wade v. Orange County Sheriff's Office,* 844 F.2d 951, 955 (2d Cir.1988).)

At trial, Cablevision's witnesses Lynn Donnelly, Isaac Fennell, Sue Crickmore, Zachary Rolle, Rick Belden, and Robert Cockerill all testified with substantial consistency concerning Plaintiff's performance issues as a manager, especially when it came to his leadership and management skills. (Trial Trans. at pp. 140-193 [Belden], 194-225 [Rolle], 236-320 [Donnelly], 321-348, 356-400 [Cockerill], 402-480 [Fennell], 481-504 [Crickmore].[1]) These witnesses testified as to actions and comments that Plaintiff made, which the jury could have reasonably construed as to have been inappropriate and unprofessional. (*Id*. at pp. 147-183, 200-216, 260-293, 378-387, 436-466, 497-501.) Donnelly, Fennell, Crickmore, Rolle, Belden, and Cockerill also testified that, despite counseling from his managers, counseling and meetings with human resources, and despite being on a performance improvement plan, Plaintiff's poor performance continued. (*Id*. at pp. 159-183, 209-216, 284-293, 381-386, 440-466, 498-501.) Several of those witnesses (including Cockerill in particular), testified that the events that occurred on October 8 and 13, 2008 were the events – or the straws – that broke the camel's back, and ultimately caused Plaintiff to be terminated. (*Id*. at pp. 381-384.) These witnesses also credibly reviewed and discussed documents that were contemporaneously created and consistent with the events to which they testified. (*Id*. at pp. 159-183, 209-216, 284-293, 381-386, 440-466, 498-501; Defendant's Trial Exs. U, V, W, X, FF, GG, HH, II, JJ, KK, LL, OO, QQ, RR, SS, UU, VV, WW, XX, YY, ZZ, AAA, III, JJJ, KKK, LLL, MMM, NNN, OOO, PPP, QQQ, TTT, VVV, FFFF, IIII, KKKK, CCCCCC, GGGGGG, JJJJJJ, KKKKKK; Plaintiff's Exs. 48 and 50.)[2] In

---

[1] The relevant pages of the January 25, 2017 and January 26, 2017 trial transcripts are attached hereto to the Declaration of Terry D. Johnson ("Johnson Decl.") as Exhibit 1.

[2] The relevant trial exhibits are attached hereto to the Johnson Decl. as Exhibits 2 and 3.

addition, each and every witness who testified at trial with knowledge of the circumstances surrounding the decision to terminate Plaintiff, including Mr. Fennell and Mr. Cockerill, explained that Cablevision's decision was solely the result of Plaintiff's performance issues – not Plaintiff's race or color. (*Id*. at pp. 325-326, 340-346, 381-384.) Ultimately, the jury found that evidence credible. Such a credibility determination – especially given the abundant evidence supporting it – cannot be viewed as contrary to the great weight of the evidence.

Even if Plaintiff's allegations in his Motions were true – which they are not – there would still remain an overwhelming amount of evidence supporting the verdict of no liability. For instance, Plaintiff does not contest that four of his direct reports complained about his leadership and management skills. Similarly, Plaintiff does not dispute that he was delayed in responding to a MRSA scare – merely that his response was not delayed for 48 hours. Furthermore, Plaintiff does not dispute that, as set forth in the termination request, he was significantly late to interview a candidate on October 13, 2008 – he merely believes that the termination report was created on a different date than listed on the request. In short, Plaintiff's disputes with Cablevision's witnesses and other evidence amount to nothing more than contested issues of fact and credibility determinations that the jury resolved against Plaintiff.

For these reasons, those portions of Plaintiff's Rule 59 Motion that rest expressly or impliedly upon the weight of the evidence as a ground for seeking a new trial, should be denied in their entirety. *Metromedia*, 983 F.2d at 363 ("Where the resolution of the issues depended on assessment of the credibility of the witnesses, it is proper for the court to refrain from setting aside the verdict and granting a new trial.") (citations omitted).

### C. The Court Properly Permitted Both Parties to Examine Witnesses during Plaintiff's Case in Chief, Allowed Plaintiff to Be the Last Party to Speak to the Jury, and Set the Trial Start Date.

In his Motions, Plaintiff argues – without ever having objected prior – that he is entitled to a new trial because the Court improperly: (1) allowed Cablevision "to present its affirmative defenses in conjunction and simultaneously with the Plaintiff's initial presentation of evidence" from the six witnesses who were called by the parties; (2) allowed Cablevision to present its closing argument first; and (3) moved the start of the trial back one day.

As an initial matter, Plaintiff never objected to these alleged procedural errors before or at trial. "Having failed to make a timely objection at trial, [Plaintiff is] limited to 'plain error' review of the issue." *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898 (2d. Cir. 1997) (citing Fed. R. Evid. 103(a)(1) and *Berner v. British Commonwealth Pac. Airlines,* 346 F.2d 532, 542 (2d Cir. 1965) ("[C]hallenge [to defendants' closing argument], raised for the first time on the motion for new trial, came too late.")).  There was no error here, plain or otherwise.

As to the presentation of evidence, Federal Rule of Evidence 611(a) provides district courts with broad authority to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence."  Furthermore, Federal Rule of Civil Procedure 1 provides that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."  Accordingly, "[t]o prevent unfairness and avoid wasting time, numerous courts have held that a party may not limit a witness that the party intends to call at trial from testifying only during its own case in chief. Instead, the party must either permit its opponent to directly examine the witness, so that both parties may elicit the witness's live testimony during their cases in chief, or rely itself on the witness's deposition testimony, so that neither party may elicit the witness's live testimony during its case in chief." *Buchwald v. Renco Grp., Inc.,* No. 13 Civ. 7948(AJN), 2014 WL

-6-

4207113, at *1 (S.D.N.Y. Aug. 25, 2014) (citing *R.B. Matthews, Inc. v. Transam. Transp. Servs., Inc.,* 945 F.2d 269, 273 (9th Cir. 1991); *Maran Coal Corp. v. Societe Generale de Surveillance S.A.,* No. 92 Civ. 8728(DLC), 1996 WL 11230, at *1–2 (S.D.N.Y. Jan. 9, 1996); *In re Gulf Oil/Cities Serv. Tender Offer Litig.,* 776 F. Supp. 838, 839 (S.D.N.Y. 1991); *Iorio v. Allianz Life Ins. Co.,* No. 05 Civ. 633(JLS), 2009 WL 3415689 (S.D. Cal. Oct. 21, 2009)); *see also Hart v. RCI Hospitality Holdings, Inc.*, 90 F. Supp. 3d 250, 274 (S.D.N.Y. 2015) (same). Thus, the Court committed no error in administering the presentation of evidence at trial.

Similarly, the Court is afforded broad discretion over the order of opening and closing statements. Fed. R. Civ. P. 1; *see also United States v. Salovitz*, 701 F.2d 17, 21 (2d Cir. 1983) ("the making and timing of opening statements can be left constitutionally to the informed discretion of the trial judge"); *United States v. Gray*, 105 F.3d 956, 963 (5th Cir. 1997) (holding that the district court has discretion in federal civil trials as to the time limit on opening and closing statements with the emphasis on whether counsel was permitted to advocate effectively for the client). In most civil trials, as here, the plaintiff is permitted to make both the first and last statement to the jury.[3] As the party with the burden of proof, this practice affords the plaintiff the advantage of both "primacy" and "recency" in making his case to the jury. Thus, far from being "prejudiced" in any way, the Court advantaged Plaintiff by allowing him to both open and close his case to the jury.

As to the alleged postponing of the start of trial by one-day, from January 23rd to January 24th, Plaintiff has offered no plausible argument how the Court's decision prejudiced him in any way. Moreover, Defendant denies – and there is certainly no evidence – that it engaged in any ex-parte communications with the Court. In any event, contrary to the Motions, the

---

[3] While in some jurisdictions the plaintiff is permitted to make the first closing statement and a final rebuttal argument, it is common practice in this jurisdiction – and it is certainly not inconsistent with substantial justice – for the plaintiff to go second, after the defense, with no rebuttals.

postponement was made without the advance knowledge or consent of Cablevision – so there could not possibly be any advantage to either party.

Presumably, by arguing that these alleged procedural errors by the Court created an unfair burden, Plaintiff is arguing that the jury reached an erroneous result. Yet, as demonstrated above, the jury's verdict was fully consistent with the weight of the evidence which, based upon its verdict, the jury found to be credible. *See supra* § II.B. Finally, Plaintiff has not established that the alleged procedural errors were "inconsistent with substantial justice" or affected "substantial rights of the parties." Fed. R. Civ. P. 61; Fed. R. Evid. 103. *See West v. Philadelphia Electric Co.*, 45 F.3d 744, 752 (3d Cir. 1995) (holding that a non-constitutional error in a civil suit may be deemed harmless if it is highly probable that the error did not affect the outcome of the case), *abrogated on other grounds as noted in Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 166-67 (3d Cir. 2013). For these reasons, it is clear that the Court's procedural decisions do not warrant a new trial.

### D. The Court Properly Instructed the Jury on Pretext.

Plaintiff also seeks a new trial by arguing that the Court did not provide an example of pretext in providing its instructions to the jury on the law.[4] As discussed below, there were simply no errors in the Court's instructions.

---

[4] Specifically, the jury instruction on pretext Plaintiff submitted to the Court before trial included fourteen "examples" of pretext – all of which either misstated the law, were incomplete (and therefore misleading), and/or entirely argumentative. *Compare* Docket No. 158, pp. 19-20 *with St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993) ("a reason cannot be proved to be a 'pretext for discrimination' unless it is shown both that the reason was false, and that discrimination was the real reason"); *James v. New York Racing Ass'n*, 233 F.3d 149, 154 (2d Cir. 2000) ("[T]here are so many reasons why employers give false reasons for an adverse employment action that evidence contradicting the employer's given reason – without more – does not necessarily give logical support to an inference of discrimination"). By contrast, the instructions proposed by Cablevision closely tracked this controlling case law, model instructions adopted by federal appellate courts, and the New York Pattern Jury Instructions. *See* Docket No. 154, pp. 19-24.

Erroneous jury instructions may constitute grounds for a new trial if the errors are found to be "prejudicial in light of the charge as a whole." *Lore v. City of Syracuse,* 670 F.3d 127, 156 (2d Cir. 2012). An erroneous jury instruction "misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *Id.* (quotations omitted). By contrast, an error in a jury instruction is not prejudicial "when [the court is] persuaded it did not influence the jury's verdict." *Townsend v. Benjamin Enters., Inc.,* 679 F.3d 41, 56 (2d Cir. 2012). "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Lore,* 670 F.3d at 156 (quoting *Henderson v. Kibbe,* 431 U.S. 145 (1977)). Significantly, a new trial is not warranted where, as here, when the instructions "read as a whole, presented the issues to the jury in a fair and evenhanded manner." *Turley v. ISG Lackawanna, Inc.,* 774 F.3d 140, 154 (2d Cir. 2014) (quoting *Lore,* 670 F.3d at 156).

Contrary to the allegations in the Motions, the Court clearly explained both parties' legal theories of the case, presented the issues in an evenhanded manner, and included an easily decipherable explanation of pretext:

> You have heard evidence that the defendant's adverse employment action was motivated by the plaintiff's race or color and also by other lawful reasons. If you find that the plaintiff's race or color was a motivating factor in the defendant's decision to take this action, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by other lawful reasons.
>
> However, if you find that the defendant's decision was motivated by both discriminatory and lawful reasons, you must decide whether the plaintiff is entitled to damages. The plaintiff is entitled to damages unless the defendant proves by a preponderance of the evidence that the defendant would have made the same decision even if the discriminatory reason had played no part in the employment decision.
>
> The defendant has offered evidence that it took the adverse action entirely for nondiscriminatory reasons. Remember that it is the plaintiff's burden to prove that at least one of the motivating reasons for the decision was intentional discrimination and that an employer may take adverse decisions against an employee for any reason, good or bad, as long as it is not discriminatory.

-9-

> **However, you should scrutinize the reasons proffered by the defendant, just as you would any other evidence. If you find that the reasons were "pretextual," that is, that they were not the real reasons for the decision, then you may infer, or not infer, as you choose, that the pretext was designed to conceal discrimination.**

(Trial Trans. at pp. 662-64 (emphasis added).)

The Court's instruction – which is consistent with the instructions proposed by Cablevision – closely mirrors many pattern jury instructions adopted by federal appellate courts that specifically address the issue of pretext. *See, e.g.,* Docket No. 154, pp. 19-2; *see also supra* at n.2.

Simply put, Plaintiff's claim fails because the Court's pretext instruction was neither erroneous nor inadequate. To the contrary and "[m]ost importantly, the Court correctly stated the law governing pretext: that the jury could but did not have to draw an inference of discrimination if it concluded that the employer's explanation for filing [plaintiff] was not credible." *See, e.g., Collins v. Alco Parking Corp.*, 448 F.3d 652, 660 (3rd Cir. 2006) (finding that "the District Court did not create the impression that the company's explanation for firing Collins should be deemed worthy of belief unless it was patently absurd or manifestly false. [Rather] . . . that the role of the jury was to decide whether the company's explanation was worthy of belief-and not whether the company was right[.]"). In finding that Cablevision did not wrongfully terminate Plaintiff or retaliate against him, the jury must have credited the testimony of Cablevision and its witnesses. The court should not second-guess the jury's credibility assessments on a motion for a new trial. *Mugavero*, 680 F. Supp. 2d at 558-559 ("In weighing the evidence [on a motion for a new trial], . . . the Court 'should not ordinarily ignore the jury's role in resolving factual disputes and' assessing witness credibility"). Accordingly, Plaintiff's pretext argument must be dismissed.

### E. <u>Alleged Jury Misconduct</u>

Finally, Plaintiff argues that he is entitled to a new trial because of alleged misconduct by a juror. Specifically, Plaintiff alleges that he was told by his brother, who was in the courtroom at times during the proceedings, that prior to the Court giving the jury instructions on the law, a juror made the statement "We've already decided all of that." Plaintiff further alleges that the same juror made a gesture, indicating that Plaintiff was "crazy" as he left the witness stand. Even if these actions occurred, which Cablevision disputes, Plaintiff is still not entitled to a new trial in this matter.

"Courts must balance the need to ensure that the parties received 'a fair trial, with a verdict based only on properly admitted evidence against' against the policy disfavoring investigation of and interference with jury deliberations. *Stowe v. National R.R. Passenger Corp.*, 793 F. Supp. 2d 549, 575 (E.D.N.Y. 2011) (citing *Cocconi v. Pierre Hotel*, 146 F. Supp. 2d 427, 273, 302-03 (2d Cir. 2006)). Accordingly, "probing jurors for 'potential . . . misconduct or extraneous influences' after they have reached a verdict is justified 'only when reasonable grounds for investigation exist,' in other words, where there is 'clear, strong, substantial and incontrovertible evidence that a specific, nonspeculation impropriety has occurred which could have prejudiced the trial.'" *United States v. Stewart,* 433 F.3d 273, 302-03 (2d Cir. 2006) (quoting *United States v. Moon*, 718 F.2d 1210, 1234 (2d Cir. 1983)). Here, there is simply no required clear, strong, substantial and incontrovertible evidence of specific, nonspeculative impropriety sufficient to justify probing into the jury deliberations.

Plaintiff argues that his brother heard a juror (presumably Juror Number Two) state that a decision was reached prior to receiving instructions on the law and that, at an unidentified time, that juror made a gesture as Plaintiff left the witness stand. As an initial matter, the alleged

-11-

statements of the juror set forth in the self-serving affidavit submitted by Plaintiff's brother are specious, inadmissible, and do not constitute clear and strong evidence in support of setting aside the jury verdict. *See United States v. Abcasis*, 811 F. Supp. 828, 835-36 (E.D.N.Y. 1992) (striking statements contained in an attorney-affidavit as hearsay that alleged that a juror "regularly discussed the case with other jurors before deliberations" and "commented that the Jews are responsible for the brining of drugs into the Black community."); *People v. Friedgood,* 58 N.Y.2d 467, 473 (N.Y. 1983) ("Furthermore, with respect to all but one of defendant's claims of juror misconduct, only hearsay allegations contained in the affidavits of defense counsel and a private investigator employed by him have been proffered in support thereof. Since no explanation was given as to why affidavits could not be obtained from jurors who allegedly admitted to having acted improperly or from those jurors who allegedly observed other jurors acting improperly, . . . defendant cannot be heard to say that the trial court abused its discretion in denying the motion on this ground."); *see also* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, . . . undue delay, [or] wasting time,[.]"). On this basis alone, Plaintiff's argument fails.

Moreover, the affidavit of Plaintiff's brother is not corroborated by any other witness, particularly any witness in a better position to hear or observe the alleged comment or gesture – including Plaintiff. Furthermore, the claim that a witness spoke out and/or made a gesture is unsupported by the trial transcript (*see* Trial Trans., p. 644 at 20-22 (omitting any comment by the jury during the time in question)); and is directly controverted by Defense counsel.

Yet, even accepting the statements in the affidavit as true – which they are not – Plaintiff's motion fails as the allegations are too vague, specious, and attenuated to infer that they

-12-

improperly influenced the jury's deliberations. The jury heard repeated, competent, and consistent testimony from numerous witnesses who provided amble evidence to support its finding of no liability on all claims. *See supra* § II.B.

### F. Any Error Committed Was Harmless.

For the reasons set forth above, any potential error that may have been committed before or during trial was not inconsistent with substantial justice and did not affect the substantial rights of the parties. Fed. R. Civ. P. 61. As such, any potential error that may have been committed was harmless.

## III. CONCLUSION

Simply stated, after a full trial, the jury concluded in less than an hour that Cablevision did not discriminate or retaliate against Plaintiff because of his race or color. Plaintiff has failed to demonstrate that the Court committed any reversible error in any of its rulings made before or during trial. Accordingly, the Court should deny Plaintiff's Rule 59 Motions for a new trial.

Dated: March 3, 2017

        Respectfully submitted,

        **MORGAN, LEWIS & BOCKIUS LLP**

        By: /s/ Terry D. Johnson
            Grace E. Speights (admitted *pro hac vice*)
            Morgan, Lewis & Bockius LLP
            1111 Pennsylvania Avenue, NW
            Washington, DC 20004
            Tel: (202) 739-5189
            Fax: (202) 739-3001
            grace.speights@morganlewis.com

            Terry D. Johnson (admitted *pro hac vice*)
            Morgan, Lewis & Bockius LLP
            502 Carnegie Center
            Princeton, New Jersey 08540
            Tel: (609) 919-6689
            Fax: (609) 919-6701
            terry.johnson@morganlewis.com

-14-

                    Leni D. Battaglia
                    Morgan, Lewis & Bockius LLP
                    101 Park Avenue
                    New York, New York  10178
                    Tel:  (212) 309-7177
                    Fax:  (212) 309-6001
                    leni.battaglia@morganlewis.com

                    *Attorneys for Defendant Cablevision*
                    *Systems New York City Corporation*

## CERTIFICATE OF SERVICE

I, Terry D. Johnson, hereby certify that a true and correct copy of Defendant's Opposition to Plaintiff's Motions for a New Trial was filed electronically and is available for viewing and downloading from the Electronic Case Filing ("ECF") system of the United States District Court for the Southern District of New York, and that I served the same via email and electronic filing upon the following this 3rd day of March 2017:

> Mr. Garry Kirkland
> 531 East Lincoln Avenue, Apt. 6S
> Mt. Vernon, NY 10552
> kirkland20@verizon.net
>
> *Plaintiff, Acting Pro Se*

> /s/ Terry D. Johnson
> Terry D. Johnson