UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARRY KIRKLAND,

Plaintiff,

-against-

CABLEVISION SYSTEMS,

Defendant.

No. 09-CV-10235 (LAP)

MEMORANDUM & ORDER

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court are pro se Plaintiff Garry Kirkland's three separate motions seeking a new trial.[1] Defendant Cablevision Systems ("Cablevision") opposes the motions.[2] For the reasons below, Mr. Kirkland's motions are DENIED.

## I. Background

The Court assumes the parties' familiarity with the facts of the case, and it will summarize only the facts relevant to the instant motions here. In late 2009, Plaintiff sued

---

[1] (See Plaintiff's Motion for New Trial ("Pl. First Br."), dated Feb. 1, 2017 [dkt. no. 183]; Plaintiff's Motion for a New Trial ("Pl. Second Br."), dated Feb. 2, 2017 [dkt. no. 186]; Plaintiff's Motion for a New Trial ("Pl. Third Br."), dated Feb. 6, 2017 [dkt. no. 188]; see also Affidavit of Jerry Kirkland ("J. Kirkland Aff."), dated Jan. 31, 2017 [dkt. no 184]; Affidavit of Garry Kirkland, dated Feb. 2, 2017 [dkt. no 187]; Affidavit of Garry Kirkland, dated Feb. 4, 2017 [dkt. no 189].) Plaintiff's Reply to Defendant's Response to Motion for a New Trial ("Pl. Reply"), dated Mar. 23, 2017 [dkt. no. 212].)

[2] (See Defendant's Opposition to Plaintiff's Rule 59 Motions Requesting a New Trial, dated Mar. 3, 2017 [dkt. no. 207]; see also Declaration of Terry D. Johnson, dated Mar. 3, 2017 [dkt. no. 208].)

Cablevision, asserting claims of race and color discrimination and retaliation under Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law. (See Amended Complaint, dated Sept. 16, 2010 [dkt. no. 17] at 1-3.) The Court held a jury trial from January 24 to January 27, 2017. Plaintiff offered testimony from sixteen witnesses, many of whom were current or former Cablevision employees.[3] Cablevision's case focused on testimony taken from six of those same employees.[4] Both sides also introduced dozens of exhibits into evidence. Ultimately, the jury returned a verdict for Cablevision on all Plaintiff's claims. (See Jury Verdict Form, dated Jan. 27, 2017 [dkt. no. 182].)

Afterward, Plaintiff filed three motions seeking a new trial under Federal Rule of Civil Procedure 59. Plaintiff's motions assert the following grounds for relief: (1) the jury's verdict was against the weight of the evidence, (see Pl. Second

---

[3] Plaintiff took testimony from the following witnesses: (1) Krista Duncan, (2) Antoine Grace, (3) Charlene Goldsmith, (4) Ronald Duncan, (5) Kathryn Nivins, (6) Michael Kaplan, (7) Sandra Wicklund, (8) Laura Cavazzi, (9) Richard Belden, (10) Zaccariah Rolle, (11) Marcus Bennett, (12) Lynn Donnelly, (13) Robert Cockerill, (14) Bernard Isaac Fennell, (15) Susan Crickmore, and (16) the Plaintiff himself. (See generally Trial Transcript ("Trial Tr."), dated Feb. 27, 2017 [dkt. nos. 197, 199, 201, 203].)

[4] Those witnesses included Ms. Donnelly, Mr. Fennell, Ms. Crickmore, Mr. Rolle, Mr. Belden, and Mr. Cockerill. (See id. 140:1-225:18, 236:20-347:20, 356:10-400:16, 402:17-504:25.)

Br. at 2-6; Pl. Reply at 3-20); (2) the Court committed several errors when setting the trial date and when determining the order of argument and witnesses, (see Pl. First Br. at 2-5; Pl. Third Br. at 2-3; Pl. Reply at 20-25); (3) the Court improperly instructed the jury on pretext, (see Pl. Second Br. at 6; Pl. Reply at 25-27); and (4) one of the jurors allegedly engaged in misconduct, (see Pl. First Br. at 1-2; Pl. Reply at 28-29). The Court will address each in turn.

## II. Discussion

A "court may, on motion, grant a new trial on all or some of the issues" for any party. FED. R. CIV. P. 59(a)(1)(A). "Rule 59(a) motions are committed to the sound discretion of the [C]ourt." Ojeda v. Metro. Transp. Auth., No. 16 Civ. 00003 (JCM), 2020 WL 4497843, at *6 (S.D.N.Y. Aug. 3, 2020) (quotation marks omitted). Because Mr. Kirkland is proceeding pro se, the Court "liberally construes" his moving papers "to raise the strongest arguments they suggest." McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017).

"A motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." Atkins v. N.Y.C., 143 F.3d 100, 102 (2d Cir. 1998). It is not enough that the trial judge disagrees with the jury's verdict. See Brewster v. City of Poughkeepsie, 447 F.

Supp. 2d 342, 347 (S.D.N.Y. 2006) (citing Mallis v. Bankers Trust Co., 717 F.2d 683, 691 (2d Cir. 1983)). In fact, "a jury's verdict should rarely be disturbed." Farrior v. Waterford Bd. of Educ., 277 F.3d 633, 635 (2d Cir. 2002) (per curiam) (quotation marks and ellipsis omitted). "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998) (quotation marks omitted).

**a. Verdict Against the Weight of the Evidence**

Plaintiff first argues that the jury's verdict is against the weight of the evidence. (See Pl. Second Br. at 2-6; Pl. Reply at 3-20.) To support that position, Plaintiff maintains that he offered evidence showing that: (1) Cablevision's written request to terminate plaintiff's employment "was falsified and backdated," (Pl. Second Br. at 3); (2) two of Plaintiff's direct reports never complained to Cablevision about his performance, (see id.); (3) Plaintiff responded to a "MRSA scare" in one of his stores in less than forty-eight hours, (see id. at 3-4); (4) Cablevision's witnesses were not credible because they testified falsely and forgot about material facts, (see id. at 4-5); and (5) Plaintiff's former manager, Robert Cockerill, had a history of discrimination in hiring, (see id. at 5-6).

"On new trial motions, the trial judge may weigh the evidence and the credibility of witnesses and need not view the evidence in the light most favorable to the verdict winner." Raedle v. Credit Agricole Indosuez, 670 F.3d 411, 418 (2d Cir. 2012). "A new trial may be granted, therefore, when the jury's verdict is against the weight of the evidence." DLC Mgmt. Corp. v. Town of Hyde Park, 163 F.3d 124, 133 (2d Cir. 1998). But "trial judges must exercise their ability to weigh credibility with caution and great restraint," and "a judge . . . may not freely substitute his or her assessment of the credibility of witnesses for that of the jury simply because the judge disagrees with the jury." Raedle, 670 F.3d at 418. In that vein, "the grant of a new trial on weight of the evidence grounds should be reserved for those occasions where the jury's verdict was egregious." Dunlap-McCuller v. Riese Org., 980 F.2d 153, 158 (2d Cir. 1992).

This is not such a case. Cablevision submitted plentiful evidence supporting the verdict. For example, Cablevision's witnesses testified regarding, inter alia, (1) Plaintiff's performance issues and incidents of inappropriate behavior, (2) his failure to improve his performance despite counseling from his managers and human resources, and (3) the events in October

2008 that ultimately led to his termination.[5] Those witnesses also reviewed numerous documents consistent with the events about which they testified. If credited, that evidence certainly supports a verdict in Cablevision's favor.

Plaintiff's argument boils down essentially to the following: He believes his evidence to be more compelling than Cablevision's competing evidence. Ultimately, the weight to assign that evidence turned, in no small part, on the credibility of the various witnesses. It was the jury's prerogative to sort out which witnesses were credible; indeed they "are presumed to be fitted for [that task] by their natural intelligence and their practical knowledge." Nimely v. City of N.Y., 414 F.3d 381, 397 (2d Cir. 2005). Based on the complete defense verdict, the jury plainly found Cablevision's evidence to be more credible. Because that verdict "depended on assessment of the credibility of the witnesses, it is proper for the [C]ourt to refrain from setting aside the verdict and granting a new trial."[6]

---

[5] (See, e.g., Trial Tr. at 150:19-183:21 (testimony of Mr. Belden); id. at 202:16-216:17 (testimony of Mr. Rolle); id. at 260:8-293:11 (testimony of Ms. Donnelly); id. at 378:18-387:15 (testimony of Mr Cockerill); id. at 436:25-466:12 (testimony of Mr. Fennell); id. at 497:17-501:16 (testimony of Ms. Crickmore).)

[6] Watkins v. N.Y.C. Transit Auth., No. 16 CIV. 4161 (ER), 2020 WL 1888839, at *7 (S.D.N.Y. Apr. 16, 2020) (quoting

(continued on following page)

**b. The Order of Argument and Witnesses**

Second, Plaintiff suggests that the Court committed for four procedural errors. (See Pl. First Br. at 2-5; Pl. Third Br. at 2-3; Pl. Reply at 20-25). First, Plaintiff was denied a fair opportunity to present his case-in-chief because the Court permitted Cablevision to "present its affirmative defenses in conjunction and simultaneously with the Plaintiff's initial presentation of evidence." (Pl. First Br. at 3). Second, Plaintiff was never given the chance to present a rebuttal case. (See id. at 4-5). Third, Plaintiff was robbed of the ability to present his case in the best light because the Court allowed Cablevision to present its closing arguments first. (See Pl. Third Br. at 2-3.) And fourth, the Court erroneously moved the trial date back by one day. (See id. at 3.) Plaintiff maintains that these "errors" entitle him to a new trial, even though he failed to object contemporaneously to any of them.

Plaintiff's first argument regarding his case-in-chief is meritless. During Plaintiff's case-in-chief, the Court permitted Cablevision--having received no objection from Mr. Kirkland--to question witnesses it also planned to call about facts relevant to Cablevision's affirmative defenses. That was

---

(continued from previous page)
Metromedia Co. v. Fugazy, 983 F.2d 350, 363 (2d Cir. 1992), abrogated on other grounds as noted in Yung v. Lee, 432 F.3d 142, 147-48 (2d Cir. 2005)).

a valid exercise of the Court's power to exert "reasonable control over the mode and order of examining witnesses and presenting evidence."[7] That procedure allowed those witnesses to take the stand only once--subject to cross-examination--instead of mandating that Cablevision re-call the same witnesses later. Taking testimony in that manner conserved court resources without undermining either party's ability to tease out the truth. See FED. R. EVID. 611(a)(1)-(2).

Plaintiff's suggestion regarding his rebuttal case fares no better. Although Mr. Kirkland is correct that a plaintiff may, in certain circumstances, call rebuttal witnesses, he offers no further discussion on the matter. Plaintiff does not identify any witness whom he wished to call that the Court did not permit to testify, and he provides no information regarding what parts of Cablevision's case he had hoped to rebut with additional witness testimony. Although the Court must liberally construe his brief, see McLeod, 864 F.3d at 156, Mr. Kirkland must still make some argument on the topic. The Court cannot, and will not, fashion an argument for him from scratch.

---

[7] FED. R. EVID. 611(a); cf. Buchwald v. Renco Grp., Inc., No. 13-CV-7948 (AJN), 2014 WL 4207113, at *1 (S.D.N.Y. Aug. 25, 2014) ("To prevent unfairness and avoid wasting time, numerous courts have held that a party may not limit a witness that the party intends to call at trial from testifying only during its own case in chief.").

Nor does Plaintiff advance the ball with his theory that the Court improperly allowed Cablevision to deliver its closing arguments first. In this district, it is entirely typical for the plaintiff in a civil case to give his opening arguments first and his closing arguments last. See, e.g., Am. Home Assur. Co. v. Merck & Co., 462 F. Supp. 2d 435, 442 (S.D.N.Y. 2006). Moreover, the Court observes that, if anything, Plaintiff's delivering his summation after Cablevision's was an advantage. Plaintiff was in no way prejudiced by getting to have the "last word" before the jury or by the opportunity to respond to specific points in Cablevision's closing.

Finally, Plaintiff's contention regarding the Court's adjourning the trial date from January 23 to January 24, 2017 is unavailing. District courts "enjoy an inherent authority to manage their dockets." Katz v. Cellco P'ship, 794 F.3d 341, 346 (2d Cir. 2015). Plaintiff offers no evidence--beyond his conclusory allegation of ex parte communications--that the adjournment was improper, and he identifies no adverse consequences that he suffered from the one-day delay.

In short, for the reasons above, none of the "errors" Plaintiff identifies causes the Court to conclude "that the verdict [wa]s a miscarriage of justice." Atkins, 143 F.3d at 102. Therefore, the Court will not disturb the jury's verdict on those grounds.

**c. The Jury Instructions**

Next, Plaintiff asserts that the Court improperly instructed the jury on pretext. (See Pl. Second Br. at 6; Pl. Reply at 25-27.) Plaintiff avers that the Court's instructions were incomplete because the Court did not include examples of hypothetical pretextual actions. (See Pl. Second Br. at 6.) Plaintiff's proposed charge included fourteen such examples. (See Plaintiff's Proposed Jury Instructions, dated Jan. 17, 2017 [dkt. no. 158] at 19-20.) Plaintiff posits that "[a] more complete Jury Instruction would have resulted in a very different verdict in this action" and Plaintiff maintains that the Court's "expectation that a lay jury could decipher the Legal concept of Pretext amounts to reversible error." (Pl. Second Br. at 6.)

"An erroneous jury instruction requires a new trial unless the error is harmless." Callahan v. Wilson, 863 F.3d 144, 148 (2d Cir. 2017). "A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." Velez v. City of New York, 730 F.3d 128, 134 (2d Cir. 2013). "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." Lore v. City of Syracuse, 670 F.3d 127, 156 (2d Cir. 2012). A new trial is not necessary "if the instructions, read as a whole, presented the issues to the jury

in a fair and evenhanded manner." Turley v. ISG Lackawanna, Inc., 774 F.3d 140, 153 (2d Cir. 2014) (alteration omitted).

Importantly, Plaintiff asserts only that the Court's instructions were incomplete; he does not allege that the Court misstated the law. (See Pl. Second Br. at 6.) At the same time, Plaintiff points to no authority holding that a court's failure to use hypothetical examples in its charge is erroneous, let alone prejudicial. Neither has the Court located such authority. Accordingly, the Court will not order a new trial on that basis.[8]

**d. Juror Misconduct**

Finally, Plaintiff asserts that misconduct on the part of a juror mandates a new trial. (See Pl. First Br. at 1-2; Pl. Reply at 28-29.) Specifically, Plaintiff identifies two alleged instances of misconduct. First, in response to the Court's informing the jury of upcoming proceedings, and before the jury

[8] For the first time in his reply brief, Plaintiff asserts that the Court also erred by not instructing the jury on the issue of punitive damages. (See Pl. Reply at 25-27.) On the final day of trial and after hearing all the evidence, however, the Court granted Defendant's Rule 50 motion as to punitive damages because "no reasonable jury on this record could find malice or reckless indifference" or "any positive element of consciousness of wrongdoing." (Trial Tr. at 596:18-22.) Because the Court granted judgment as a matter of law, Plaintiff was not entitled to a jury instruction. See, e.g., City of N.Y. v. Pullman, 662 F.2d 910, 917 (2d Cir. 1981) (holding that district court's refusal to give requested damages instruction was appropriate because the proposed damages remedy was not "supported by evidence of any probative value").

was charged, one juror purportedly stated "[w]e've already decided all of that." (Pl. First Br. at 1.) And second, as Plaintiff stepped down from the witness stand, the same juror allegedly "made a gesture indicating the Plaintiff was crazy in open Court and in plain sight of other jurors." (Id.)

Plaintiff "is entitled to a fair trial but not a perfect one, for there are no perfect trials." McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 553 (1984) (quotation marks omitted). With that in mind, courts are understandably hesitant to crack open the jury box post-verdict, because to do so undermines finality.[9] "Accordingly, probing jurors for potential instances of bias, misconduct or extraneous influences after they have reached a verdict is justified only when reasonable grounds for investigation exist, in other words, where there is clear, strong, substantial and incontrovertible evidence that a specific, nonspeculative impropriety has occurred which could have prejudiced the trial." United States v. Stewart, 433 F.3d 273, 302-03 (2d Cir. 2006) (quotation marks omitted).

---

[9] See Cocconi v. Pierre Hotel, 146 F. Supp. 2d 427, 429 (S.D.N.Y. 2001) ("Courts are ordinarily reluctant . . . to probe a jury's deliberative process to examine the basis for a jury's verdict."); see also United States v. Feng Ling Liu, 69 F. Supp. 3d 374, 381 (S.D.N.Y. 2014) ("Post-trial jury scrutiny is disfavored because of its potential to undermine full and frank discussion in the jury room, jurors' willingness to return an unpopular verdict, and the community's trust in a system that relies on the decisions of laypeople." (quotation marks omitted)).

Plaintiff simply has not met that standard. To support his allegations of misconduct, Plaintiff offers a single affidavit from his brother, Jerry Kirkland. (See J. Kirkland Aff. ¶¶ 4-7.) But that affidavit "amounts to nothing more than self-serving hearsay, which is not clear and strong evidence to support hauling the jurors back here to probe jury deliberations in search of evidence sufficient to set aside the verdict." Stowe v. Nat'l R.R. Passenger Corp., 793 F. Supp. 2d 549, 575 (E.D.N.Y. 2011); see also Severino v. Am. Airlines, No. 07-CV-941 (HB), 2009 WL 1810014, at *3 (S.D.N.Y. June 24, 2009) (similar). That conclusion is reinforced by the fact that Plaintiff did not bring these alleged behaviors to the Court's attention during the trial, even though his brother's affidavit suggests that Plaintiff was informed of the incidents before the case was submitted to the jury.[10] Consequently, the Court will not award a new trial based on the juror's alleged actions.

## III. Conclusion

For the foregoing reasons, Mr. Kirkland's motions for a new trial [dkt. nos. 183, 186, 188] are DENIED. The Clerk of the Court shall (1) close the open motions, (2) deny any other open motions as moot, and (3) inform the Court of Appeals that these motions--which form the basis for its order staying Mr.

---

[10] (See, e.g., J. Kirkland Aff. ¶ 6 ("On the ride home I advised my brother Garry Kirkland . . . of her Statement.").)

Kirkland's appeal, see Kirkland v. Cablevision Sys., No. 19-1259 (2d Cir. May 10, 2019)--have been resolved.

**SO ORDERED.**

Dated: December 11, 2020
New York, New York

LORETTA A. PRESKA
Senior United States District Judge